IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, <br><br> Plaintiff, <br> v. <br><br> MERCK & CO. INC., and <br> SCHERING-PLOUGH HEALTHCARE <br> PRODUCTS, INC. <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant, MERCK & CO. INC. and Defendant SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC. (collectively referred to hereinafter as "Defendant") as follows:

### I.
### NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its products with United States Patent Number 4,863,931 ("the '931 Patent") even though the '931 Patent is expired, and has been expired since September 15, 2008. Defendant has marked other products with United States Patent Number 4,642,912 ("the '912 Patent") even though the '912 Patent is expired and has been expired since May 2, 2004. Defendant marks the packaging of certain of its pharmaceutical products with the '931 Patent with the intent to deceive the public and to gain a competitive advantage in the market. Defendant marks the packaging of

certain of its comfort insole products with the '912 Patent with the intent to deceive the public and to gain a competitive advantage in the market. The '912 Patent and '931 Patent are hereinafter referred to collectively as "the Expired Patents."

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant MERCK & COMPANY, INC. ("MERCK") is a corporation established under the laws of the State of Delaware with its principal place of business at One Merck Drive, Whitehouse Station, NJ 08889-0100. Upon information and belief, Defendant SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC. ("SCHERING") is a corporation established under the laws of the State of Delaware with its principal place of business located in Memphis, TN 38151. Upon information and belief, MERCK is the survivor corporation of a merger with Schering-Plough Corporation, completed in November 2009. According to MERCK press reports published on its website, Schering-Plough Corporation changed its name to MERCK pursuant to the terms of the merger agreement. (See MERCK Press Report dated November 3, 2009 entitled "Merck and Schering-Plough to Complete Merger Today," accessible at http://www.merck.com/newsroom/news-release-archive/corporate/2009_1103.html, last accessed February 24, 2010.) Each reference to Defendant herein is intended to reference MERCK, the survivor corporation of such merger, as well as its predecessor corporations, Merck and Schering-Plough and their subsidiaries and affiliates, including SCHERING.

6. Upon information and belief, Defendant is a leading producer of healthcare products, including over-the-counter allergy and congestion medicines, and comfort insoles.

2

## III.
## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

9. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that it would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE EXPIRED PATENTS

10. The '931 Patent, entitled "Antihistaminic Fluoro Substituted Benzocycloheptapyridines," was filed on September 15, 1988, issued on September 5, 1989 and expired on September 15, 2008. A true and correct copy of the '931 Patent is attached hereto as Exhibit A.

11. The '912 Patent, entitled "Shoe Insole," was filed on May 2, 1984, issued on February 17, 1987 and expired on May 2, 2004. A true and correct copy of the '912 Patent is attached hereto as Exhibit B.

## V.
## COUNT I

12. Plaintiff incorporates paragraphs 1-11 as if fully set forth herein.

13. Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be

manufactured or marketed, products for sale to the general consuming public, including, for example, its Claritin-D branded Allergy and Congestion medication and its Dr. Scholl's branded Double Air-Pillo Insoles.

14. Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Expired Patents: Claritin-D 24 Hour tablets and Dr. Scholl's Double Air Pillo Insoles.

15. Claritin-D is currently sold in a number of different packaging variations. Exemplary packaging marked with the '931 Patent is shown below:





4

16.     Dr. Scholl's Air Pillo insoles are sold in a number of different packaging variations. Exemplary packaging marked with the '912 Patent is shown below:



17.     The instances of false marking shown in paragraphs 15-16 are representative and not exhaustive.

18.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

19.     Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents.

5

20. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that patent rights apply even after its expiration.

21. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patents marked on its products have expired and/or do not cover the products to which the marking is affixed.

22. Upon information and belief, Defendant intentionally marked its products with the Expired Patents in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patents.

23. Each false marking on the Defendant's products is likely to, or at least have the potential to, discourage or deter persons and companies from commercializing competing products.

24. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

25. Upon information and belief, Defendant knows, or reasonably should know, that marking its products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and have no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

26. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

27. Thus, each expired patent marked on a product directly, or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 25, 2010

Respectfully submitted,

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

8

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com