```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

THOMAS A. SIMONIAN,              )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No.  10 C 1297
                                 )
MERCK & CO., INC., et al.,       )
                                 )
            Defendants.          )
```

                          MEMORANDUM ORDER

     Defendants Merck & Co., Inc. and Schering-Plough Healthcare Products Incorporated have filed their joint Answer, including some affirmative defenses ("ADs"), to the First Amended Complaint ("FAC") brought against them by Thomas Simonian ("Simonian") for asserted false patent marking under 35 U.S.C. §292.  This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

     To begin with, Answer ¶4 follows an appropriate invocation of the disclaimer formula prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) by stating "and on that basis Defendants deny those allegations, leaving Relator to its proofs."  That is of course oxymoronic--how can parties that assert (presumably in good faith) that they lack even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)?  Accordingly the quoted phrase is stricken from Answer ¶4.

     That minor item would not of itself have occasioned the

issuance of this memorandum order, but the flawed nature of several purported ADs also calls for their correction. Here they are:

    1. Both AD 1 and AD 2 are at odds with the fundamental nature of an AD as prescribed by Rule 8(c) and the caselaw applying it--and see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Both of those ADs expressly contradict FAC ¶17, and they are therefore stricken.[1]

    2. That is equally true of AD 3, which expressly contradicts FAC ¶7. AD 3 is also stricken.

    3. AD 4 is framed as the equivalent of a Rule 12(b)(6) motion, but it merely expresses a conclusion without any stated support. It too is stricken, but this time without prejudice to the prompt submission of a properly supported motion, failing which that contention will be deemed to have been forfeited.

                                                 /s/ William D. Shadur
                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: July 16, 2010

---

[1] Defendants lose nothing by that action, for they have already placed Simonian's allegations in issue by their Answer ¶17 denial.